CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 07 2009

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON GENE BURGETT,<br>Petitioner, | Civil Action No. 7:08-cv-00616 |
| v. | **MEMORANDUM OPINION** |
| TERRY O'BRIEN, WARDEN,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Jason Gene Burgett, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, seeking prior custody credit against his federal sentence for the period between January 5 and February 9, 1999. The court filed the petition conditionally and required petitioner to provide details of exhaustion of administrative remedies and a clearer statement of his claims. He has responded with a memorandum in support of his petition. Upon review of the record as supplemented by petitioner's memorandum, the court concludes that the petition must be summarily dismissed.

I.

In 1998, Burgett was serving two terms of imprisonment imposed by a state court in Wisconsin when he escaped from a halfway house.[1] He later pleaded guilty in the United States District Court for the Eastern District of Wisconsin to federal charges that he committed two armed bank robberies while at large, Case No. 98-cr-068 and Case No. 99-cr-2. On October 14, 1998, he was sentenced to 108 months on the first federal charge, to be served consecutive to his state sentences. After these federal proceedings, authorities returned Burgett to state prison to complete the remainder of his state sentences. On January 5, 1999, federal authorities filed the second federal indictment with state prison authorities as a detainer against Burgett. Federal authorities then "borrowed" Burgett on January 21, 1999, under a petition for a writ of habeas corpus ad

---

[1] Burgett previously filed a § 2241 petition raising similar claims; this case was dismissed for lack of jurisdiction, because Burgett had not exhausted administrative remedies. See Case No. 7:07CV00324. In offering the facts of this case, the court has drawn to some extent from undisputed portions of an affidavit offered by the respondent in that previous case.

1

prosequendum and held him for appearance in federal court. While still being held under the writ, Burgett was discharged from his state sentence on February 9, 1999. At that point, the sentence on his first federal offense began to run. On May 14, 1999, the federal court sentenced him to serve 24 months on the second federal offense, consecutive to his first federal sentence, for an aggregate sentence of 132 months. The record reflects that Burgett received credit against his state sentences for time served during the period between January 5 and February 9, 1999. He is scheduled for release from his federal sentence on January 27, 2009.

II.

Burgett fails to demonstrate that he has exhausted administrative remedies regarding his claim, as he was required to do before seeking habeas relief under § 2241. See United States v. Jenkins, 38 F.3d 1143, 1144 (10th Cir. 1994) (judicial determination of jail credit before administrative remedies complete vacated as premature); Chua Han Mow v. United States, 730 F.2d 1308, 1313-14 (9th Cir. 1984) (finding that claim for prior custody credit mst first be exhausted under administrative remedy procedure before habeas action under § 2241). Although Burgett asserts that he has filed several "remedies" regarding his demand for prior custody credit, he does not demonstrate that he pursued all available appeals as to any of these "remedies" pursuant to established administrative remedy procedures. See 28 C.F.R. § 542.15(a). Accordingly, he fails to demonstrate that his claim is properly before the court at this time.

Second, even if Burgett could demonstrate full exhaustion of administrative remedies, he fails to demonstrate that his claims have merit. Under 18 U.S.C. § 3585(b), prior custody credit cannot be granted for any period of time for which petitioner has received credit toward another sentence. See United States v. Wilson, 503 U.S. 329, 337 (1992). It is undisputed that Burgett received credit against his state sentences for the period from January 5 to February 9, 1999. He has not offered any viable argument under which he could receive double credit for this period of time under § 2241. Accordingly, he has not demonstrated any ground on which he is entitled to the sentence credit he has requested.

2

III.

In conclusion, the court finds that Burgett's petition must be summarily dismissed. He is seeking credit for prior custody without demonstrating that he has exhausted all available administrative remedies and in any event, fails to demonstrate that he is entitled to relief. Therefore, the court will dismiss his petition. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253( c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying final order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 7th day of January, 2009.

*[signature]*
Senior United States District Judge

3